Pearson, J.
 

 The only fact in dispute is, whether Sarah Hailes made the sale as executrix or as legatee. We are satisfied from the exhibits and proofs, that she made
 
 *479
 
 the sale, as legatee. The bill ol sale is executed by her and Alexander Hailes, and does not purport to be executed by her, as executrix. The sale was not made in the manner, in which sales are usually made by executors and administrators. There is a general warranty of title and soundness. And there is no proof of debts to an amount sufficient lo induce an executor to resort to his power to sell slaves. It is not necessary to give the proofs more than this passing notice. It must be declared,’that the sale' was made by Sarah Hailes, as legatee.
 

 Taking this to be the fact, yet as she was the executrix and in that capacitjr had power to sell, so as to pass an absolute estate, the question is presented, whether the absolute title did not pass, notwithstanding she sold, as legatee, by reason of her power, as executrix ? It is urged, that it should be so held, in order to give effect to the deed, under the maxim,
 
 “ut res magis valeat quam pereat.'’
 

 It is true, when a deed cannot take effect in the manner intended, effect will be given to it in some other way, if possible, rather than permit it to
 
 be wholly inoperative;
 
 as if a deed be executed in the form of a release, and the relation of the parties is not such as to give it effect as a release, it will be supported as a bargain and sale or a covenant to stand seised, if there be a sufficient consideration. So, if an officer arrests under a void process, and yet at the time has a valid one, under which he did not profess to act, the officer is protected on the ground, that he had power to arrest, and the efficacy of the arrest de* pends, not upon what he says or professes, but upon the power which he has.
 
 Meeds
 
 v.
 
 Carver,
 
 8 Ire. 298. The
 
 latent
 
 power, (if I may use the expression,) under the valid process, is not inconsistent with the assumed puwer under the void one.
 

 But in the case under consideration, the title, and the right to sell, as legatee, are inconsistent with the power.,
 
 *480
 
 to sell as executrix — the exercise of the one necessarily pre-supposes the other to be extinguished ; for, to give the right, as legatee,
 
 “an assent”
 
 was necessary, and such assent divested the title and the power to sell, as executrix, and passed them to the legatee.
 

 It is clear, that the act of making sale, as legatee, is an implied, if not an express, assent. Such assent determined the right of Mrs. Hailes, as executrix, by vesting the title in her, as--legatee. After an assent, the legatee 'becomes the owner to all intents and purposes. It can make no difference, that in this case the executrix and legatee were the same individual. By the assent, the title vested in her, as legatee, and she ceased to have any power in the capacity of executrix.
 

 The question may be considered in another point of view. If the executrix had not been also legatee, and had sold, as an individual, and not in the capacity of executrix, the sale would have been wholly ineffective, and nothing would have passed,unless it could, in such case, be supported by the
 
 “latent”
 
 power to sell, as executrix ; and it may be, effect would be given to it in that way
 
 “ut res magis valeat quampereat”
 

 .
 
 But, as she was a legatee for life, the sale was not wholly inoperative — a life estate passed ; and as the deed operated to pass an estate, when made by her, as legatee, it would be repugnant to consider it as also taking effect, as if made by her, as executrix. The same deed cannot operate in two ways. This is illustrated in the instance of estoppels. If the deed passes any estate, although less than the parties intended, it is never allowed to operate as an estoppel. If such was not the law, and a legatee for life should sell, intending to pass only his estate, but using general terms, and
 
 happened to
 
 be executor, this circumstance would be taken advantage of by the vendee to make an absolute estate pass, contrary to the intention.
 

 
 *481
 
 There is another consideration : when a legatee sells, it is to answer some private purpose of his own. In such a case, to give an
 
 additional
 
 effect to the deed, because he was executor, would be to prevent the power to sell, given for the interest of the estate, by calling it into use, when such interest had not been taken into the account: thus, by implication supposing a power to have been exercised, under circumstances, which, in case of a direct exercise of it, would have amounted to a gross abuse. In this case, for instance, the legatee for life, and the person, apparently entitled to the contingent limitation, join in the sale of a slave for their own private purposes, because they wanted money to build a new mill and to support the other negroes, which was a charge on the legatee for life, and not a debt of the estate. The interest of the estate did not call for the sale of a negro as there was perishable property — the debts did not exceed twenty-five dollars, and the sale of a valuable negro, under the pretext of paying off that sum, would have been a gross abuse of power. There is no principle, upon which this Court will, by implication, make the executrix guilty of this abuse of her power, in order to sustain a sale made by her, as legatee.
 

 The plaintiffs in the original bill are entitled to a decree for costs. The cross bill must be dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.